IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL ANDRE SCOTT, # 221150 #1282719 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. CCB-15-0503 |
| KATHLEEN GREEN, WARDEN, et al. | * | |
| Respondents | * | |
| | *** | |

**MEMORANDUM**

Michael Andre Scott ("Mr. Scott") is an inmate at the Eastern Correctional Institution in Westover, Maryland. Now pending is his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Pet., ECF No. 1). Respondents, Warden Kathleen Green and the Attorney General of the State of Maryland, have filed a limited Answer asserting that to the extent the claims presented are cognizable, they should be dismissed as time-barred. (Answer 1–2, ECF 5). Petitioner has replied. (Reply, ECF 13). After considering the pleadings, exhibits, and applicable law, the court finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016); Rule 8, Rules Governing Section 2254 Proceedings in the United States District Courts. For reasons to follow, this case shall be stayed and held in abeyance pending the disposition of *Woodfolk v. Maynard*, No. 15-6364.

**BACKGROUND**

On June 10, 1991, Mr. Scott pleaded guilty in the Circuit Court for Montgomery County to charges in two cases. In particular, he pleaded guilty to first-degree sexual offense (Count 1) and unlawful use of a handgun (Count 5) in Case No. 60652C and to first-degree rape (Count 1)

and unlawful use of a handgun (Count 4) in Case No. 61488C. (Pet. 2–3; Answer Ex. 1, 1–2, ECF No. 5-1; Answer Ex. 2, 1–2, ECF 5-2). On January 27, 1992, the Circuit Court sentenced him to serve twenty years in prison in Case No. 60652C, (Answer Ex. 1, 8), and to serve a consecutive twenty years in prison in Case No. 61488C, (*id.* Ex. 2, 7).[1]

Mr. Scott claims in the instant petition that he is illegally incarcerated in violation of his rights under the Fifth and Fourteenth Amendments, because the sentence imposed by the Circuit Court in Case No. 61488C was improperly construed as running consecutive to the sentence imposed in Case No. 60652C. (Pet. 6). Mr. Scott claims the sentences expired eleven years ago, and he seeks immediate release from incarceration. (*Id*. 6, 16). He further claims the Circuit Court "issued (3) three different sentences for the same offenses on January 27, 1992, during sentencing," (*id.* 8), and that neither "[t]he Court, the Prosecutor, nor the petitioner could comprehend the structure of the sentence," (*id.* 9).

## PROCEDURAL HISTORY

Mr. Scott did not file a motion for leave to appeal the entry of his guilty plea, and he did not initiate state post-conviction proceedings until 2010. (Answer Ex. 1, 16; Ex. 2, 19). However, Mr. Scott filed motions for reconsideration of sentence in both cases on March 16, 1992, and April 7, 1992. (*Id.* Ex. 1, 9; Ex. 2, 8). Although the Circuit Court denied the motions to reconsider sentence in Case No. 61488C on July 7, 2008, (*see id.* Ex. 2, 15), the record indicates that the Circuit Court never ruled on the companion motions in Case No. 60652C, (*see id.* Ex. 1, 9). Mr. Scott also filed at different times motions to correct an illegal sentence in both cases, all

---

[1] In Case No. 60652C, the Circuit Court sentenced Mr. Scott on Count 5 to twenty years, all suspended but five, beginning on October 15, 1990. As to Count 1, the court sentenced Mr. Scott to thirty years, all suspended but twenty years, with the sentence to run concurrent with the sentence in Count 5. (Answer Ex. 1, 8). In Case No. 61488C, the court sentenced Mr. Scott "as to count 1 to thirty (30) years in Department of Corrections, suspends all but twenty (20) years. Sentence to run consecutive to sentence in criminal 60652." As to Count 4, the court sentenced Mr. Scott to twenty years in the Department of Corrections, suspending all but five years. (*Id.* Ex. 2, 7).

of which were unsuccessful. (*See id.* Ex. 1 at 12, 15; Ex. 2 at 10, 12). On November 15, 2010, Mr. Scott filed a petition for post-conviction relief in both cases. (*Id.* Ex. 1, 16; Ex. 2, 19). The Circuit Court granted Mr. Scott's motion to withdraw the petition on September 14, 2011. (*Id.* Ex. 1, 17; Ex. 2, 20). On December 18, 2012, Mr. Scott filed a new petition for post-conviction relief in both cases and, after a hearing, it was denied on June 12, 2014. (Answer Ex. 1, 18–19, 23; Ex. 2, 27). Mr. Scott's motion to correct an illegal sentence, filed in both cases on February 6, 2014, was denied at the same time. (*Id.* Ex. 1, 23; Ex. 2, 27). Mr. Scott's application for leave to appeal the denial of his post-conviction petition was denied by the Court of Special Appeals of Maryland on January 14, 2015. (*Id.* Ex. 3, ECF No. 5-3).

## STATUTE OF LIMITATIONS

A one-year limitations period that applies to habeas petitions begins to run on the date on which the underlying judgment becomes final by the conclusion of direct review or, if no appeal is taken, upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A);[2] *see also Wall v. Kholi*, 562 U.S. 545, 549 (2011). In cases where a petitioner's

---

[2] Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

conviction became final before April 24, 1996 – the effective date of the statute which enacted the limitations period – the petitioner has one year, until April 24, 1997, to file a petition for writ of habeas corpus in federal court. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998); *Hernandez v. Caldwell*, 225 F.3d 435, 438–39 (4th Cir. 2000). The one-year period is statutorily tolled while properly filed post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. § 2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328–30 (4th Cir. 2000). In order to be entitled to equitable tolling of the limitations period, a petitioner must establish that either some wrongful conduct by the State contributed to the delay in filing his federal habeas corpus petition or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris,* 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way").

## DISCUSSION

Because Mr. Scott's judgments of conviction became final before April 24, 1996, he had until April 24, 1997, absent tolling, to file this petition for federal habeas relief. Mr. Scott filed the instant petition on February 5, 2015,[3] well after that deadline had elapsed. Respondents thus

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[3] The petition was received by the Clerk on February 23, 2015. For the purpose of assessing timeliness under 28 U.S.C. § 2244(d)(1) – (2), the court deems it was delivered to prison authorities for mailing on the date it was signed by Mr. Scott, which was February 5, 2015. (Pet. 16). *See Houston v. Lack*, 487 U.S.

argue that this petition is time-barred. (Answer 1–2). Mr. Scott appears to argue the limitations period began to run after the Court of Special Appeals denied his application for leave to appeal the denial of his post-conviction petition on January 14, 2015. (Reply 2). This is incorrect. Further, an incorrect assumption or lack of familiarity about the running of the limitations period does not provide a basis for equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control.").

On the other hand, it is at least possible that this petition is not time-barred for another reason not raised by Mr. Scott. The record indicates that the Circuit Court never ruled on two motions to reconsider sentence filed by Mr. Scott in Case No. 60652C. Those motions were filed on March 16, 1992, and April 7, 1992, before the limitations period began to run. Whether a Maryland motion for reconsideration of sentence statutorily tolls the limitations period of Section 2244(d) is one of the issues currently pending before the Fourth Circuit in *Woodfolk v. Maynard*, No. 15-6364.[4] Depending on the outcome of that Fourth Circuit case, it may be that even if the limitations period would have otherwise begun to run on April 24, 1996, these motions tolled the one-year clock such that the limitations period has not yet expired.

The Respondents claim that the petition is nonetheless time-barred. Even if the motions to reconsider sentence tolled the limitations period, there were no post-conviction or other collateral proceedings pending between September 14, 2011, and December 18, 2012, they claim. According to Respondents, this 15-month period exhausted the one-year limitations period before Mr. Scott filed his petition for habeas relief. (Answer 6). But the Respondents

---

266, 276 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919–20 (D. Md. 1998); *see also* Rule 3(d), Rules Governing Section 2254 Proceedings (discussing the mailbox rule).

[4] This court has stayed several cases until *Woodfolk* is decided. *See, e.g.*, *Savoy v. Shearin*, RWT-13-751 (D. Md); *Mitchell v. Green*, DKC-13-2063 (D. Md.); *Wells v. Wolfe*, CCB-14-985 (D. Md).

appear to simply assume that the Circuit Court dismissed the motions to reconsider sentence in Case No. 60652C at the same time it dismissed motions to reconsider sentence in Case No. 61488C, even though that is not apparent in the record.[5] This court cannot dismiss a habeas petition as time-barred based on such an assumption.

Thus, this court finds that, contrary to the assertions of the Respondents, this petition is not necessarily time-barred.  Because the decision in *Woodfolk* likely will affect the resolution of the timeliness question presented here, this case shall be stayed and held in abeyance pending the disposition of *Woodfolk*.

## CONCLUSION

For the above reasons, this case shall be stayed and held in abeyance pending the disposition of *Woodfolk*. A separate order follows.

<u>November 2, 2016</u>                                       <u>         /s/                          </u>
Date                                                                      Catherine C. Blake
                                                                                United States District Judge

---

[5] The Respondents claim that Mr. Scott "had a motion for reconsideration of sentencing pending between April 24, 1996, and July 7, 2008." (Answer 5). To support that assertion, the Respondents cite only to the part of the record indicating that the motions to reconsider sentence in Case No. 61488C were denied. (*Id.*). Furthermore, the docket sheet provided by the Respondents as an exhibit lists the status of the two motions to reconsider sentence in Case No. 60652C as "open." (*Id.* Ex. 1, 9).