## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|                                   |       |                             |
|-----------------------------------|-------|-----------------------------|
|                                   | *     |                             |
| MICHAEL ANDRE SCOTT               | *     |                             |
| v                                 | *     | Civil Action No. CCB-15-503 |
| WARDEN KATHLEEN GREEN and         | *     |                             |
| THE ATTORNEY GENERAL OF THE       |       |                             |
| STATE OF MARYLAND                 | *     |                             |
| Respondents                       | *     |                             |
|                                   | ***   |                             |

### MEMORANDUM

Petitioner Michael Andre Scott has filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  ECF 1.  Mr. Scott pled guilty on June 10, 1991 to two counts in the Circuit Court for Montgomery County in Case No. 60652C: First Degree Sex Offense (Count 1) and Robbery with a Dangerous and Deadly Weapon (Count 5). He also pled guilty on the same date to two counts in Case No. 61488C: First Degree Rape (Count 1) and Use of a Handgun in Commission of a Violent Crime (Count 4). Mr. Scott claims in the instant petition that he is illegally incarcerated in violation of his rights under the Fifth and Fourteenth Amendments because the sentences imposed by the Circuit Court in Case No. 61488C were improperly construed as running consecutive to the sentences imposed in Case No. 60652C.

Respondents, Warden Kathleen Green and the Attorney General of the State of Maryland, filed a "Limited Answer" on June 8, 2015 asserting that Scott's petition was not timely filed within the one-year limitations period under 28 U.S.C. § 2244.  ECF 5.  Respondents argued the statute of limitations for Mr. Scott's claim began to run on April 24, 1996 because his conviction was final before the enactment of the AEDPA. Respondents took the position in their Limited Answer that Mr.

Scott's petition for habeas relief was time barred as of April 24, 1997 because Mr. Scott had no state petitions for post-conviction or other collateral review pending that tolled the statute of limitations.

The court issued a Memorandum and Order on November 11, 2016 staying the matter and holding it in abeyance pending the resolution of a timeliness issue by the Fourth Circuit Court of Appeals. ECF 19; ECF 20. Respondents' Limited Answer posed an unresolved question of whether Mr. Scott's petition was time barred because he filed two Motions for Reconsideration of Sentence in Case No. 60652C. These motions were never ruled on by the Circuit Court for Montgomery County and possibly tolled the statute of limitations. On April 17, 2019 the Fourth Circuit issued an opinion in *Mitchell v. Green*, 922 F.3d 187 (4th. Cir. 2019), holding that Maryland Rule 4-345, providing for reconsideration of sentence, tolls the one-year statute of limitations in § 2244(d).

On July 23, 2019 Respondents were ordered to file a supplement to their Limited Answer addressing the merits of the petition. ECF 30. Respondents contend Mr. Scott's petition should be dismissed on the merits because it asserts only state law claims, is plainly meritless on its face, and is moot due to Mr. Scott's release from confinement. ECF 31. In response, Mr. Scott argues that he should be reimbursed for his over-detention.[1] He also complains about the continued restrictions of his probation. ECF 33.

No hearing is necessary to resolve the matter. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2021); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to an evidentiary hearing under 28

---

[1] Habeas corpus is not an appropriate or available remedy for damages claims. *Wilson v. Johnson*, 535 F.3d 262, 265 (4th Cir. 2008).

U.S.C. § 2254(e)(2)).  For the reasons set forth below, the court shall deny the petition.  The court also declines to issue a certificate of appealability.

## BACKGROUND

On November 8, 1990, Mr. Scott was indicted on five counts in Case No. 60652C. ECF 31-1 at 3-4. He pled guilty on June 10, 1991 to First Degree Sex Offense (Count 1), and Robbery with a Dangerous and Deadly Weapon (Count 5) and was sentenced on January 27, 1992. On Count 1, Mr. Scott received a sentence of 30 years, all but 20 years suspended, and five years' probation. On Count 5, Mr. Scott received a sentence of 20 years, all but 5 years suspended, and five years' probation. The sentence on Count 1 was pronounced to run concurrent with the sentence on Count 5. ECF 31-1 at 9.

On February 15, 1991, Mr. Scott was indicted on four counts in Case No. 61488C. ECF 31-1 at 29-30. He pled guilty on June 10, 1991 to First Degree Rape (Count 1) and Use of Handgun in Commission of a Violent Crime (Count 4) and was sentenced on January 27, 1992. On Count 1, Mr. Scott received a sentence of 30 years, all but 20 years suspended, to run consecutive to the sentences imposed in Case No. 60652, and five years' probation. On Count 4, Mr. Scott was received a sentence of 20 years, all but five years suspended, to run consecutive to the sentences imposed in Case No. 60652, and five years' probation. The sentence on Count 1 was pronounced to run concurrent with the sentence on Count 4. ECF 31-1 at 34.

Mr. Scott did not file a motion for leave to appeal the entry of his guilty plea. He filed motions for reconsideration of sentence in both cases on March 16, 1992, and April 7, 1992. ECF 31-1 at 10, 35. He also filed numerous motions to correct an illegal sentence in both cases.[2] Although the Circuit Court denied the motions to reconsider sentence in Case No. 61488C on July

---

[2] ECF 31-1 at 11, 13, 15, 19, 22, 35, 36, 38, 39, 42, 44, 49.

7, 2008, (ECF 31-1 at 41), the record indicates that the Circuit Court never ruled on the companion motions in Case No. 60652C, (*Id*. at 10). On December 18, 2012, Mr. Scott filed a petition for post-conviction relief in both cases and, after a hearing, it was denied on June 12, 2014. (*Id*. at 21, 51).[3] Mr. Scott's pending motion to correct an illegal sentence, filed in both cases on February 6, 2014, was denied at the same time. (*Id*.). Mr. Scott's application for leave to appeal the denial of his post-conviction petition was denied by the Court of Special Appeals of Maryland on January 14, 2015. (ECF 5-3).

## STANDARD OF REVIEW

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). The federal habeas statute at 28 U.S.C. § 2254(d) sets forth a "highly deferential standard for evaluating state-court rulings." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)) (internal quotation marks omitted). The standard is "difficult to meet," and requires courts to give state-court decisions the benefit of the doubt. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted); *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)) (state prisoner must show state court ruling on claim presented in federal court was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

A federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits either

---

[3] Mr. Scott originally filed a petition for post-conviction relief in both cases on November 15, 2010. The Circuit Court granted Mr. Scott's motion to withdraw the petition on September 14, 2011. (ECF 31-1. at 15, 45).

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state adjudication is contrary to clearly established federal law under § 2254(d)(1) where the state court 1) "arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or 2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court]." *Williams v. Taylor*, 529 U.S. 362, 405 (2000) (internal citation omitted).

Pursuant to the "unreasonable application" analysis under 2254(d)(1), a "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborongh v. Alvarado*, 541 U.S. 652, 664 (2004)). Thus, "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* (internal quotation marks and citation omitted).

Further, under § 2254(d)(2), "a state court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). "[E]ven if reasonable minds reviewing the record might disagree about the finding in question," a federal habeas court may not conclude that the state court decision was based on "an unreasonable determination of the facts." *Id.* (internal citation and quotation marks omitted). "[A] federal habeas court may not issue the writ simply because [it] concludes in its independent Judgment that the relevant state-court decision applied established federal law erroneously or incorrectly." *Renico v. Lett*, 559 U.S 766, 773 (2010)

(internal citation and quotation marks omitted). The habeas statute provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## ANALYSIS

Respondents contend Mr. Scott's petition should be dismissed because it asserts only state law claims, is plainly meritless on its face, and has become moot.[4] Because it concerns jurisdiction, the court will first address Respondents' contention that Mr. Scott's petition is moot because he has been released from physical custody. Mr. Scott's sentence reflects that he was ordered to serve five years of probation upon his release. Mr. Scott has advised the court he has been released, but complains about the ongoing restrictions of his probation, including the reporting requirements and limitations on his ability to travel. ECF 33.

Under the "collateral consequences" exception to the mootness doctrine, a habeas petition is not rendered moot after a petitioner is released from custody where the petition challenges collateral consequences that continue after expiration of the sentence. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). Although the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because a district court could grant relief to the prevailing party by altering the period of supervised release. *See United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018). Here, Mr. Scott contends his period

---

[4] Respondents do not argue that the petition is untimely in their supplemental answer, acknowledging the procedural history of this matter as a "knotty thicket" and choosing to address the merits of Mr. Scott's claims. ECF 31 at 4. Because the court can dispose of Mr. Scott's claims on the merits it will pretermit a discussion of the motions for reconsideration that were never ruled on by the Circuit Court in Case No. 60652C and what impact the procedural posture of these motions may have had on statutory tolling under § 2244(d).

of incarceration should have expired in 2010. ECF 33 at 2.  In Mr. Scott's view, if his sentences were correctly interpreted, his probation would have terminated in 2015. The court finds that Mr. Scott's petition is not moot because, if meritorious, the court can grant relief by terminating the collateral consequences of Mr. Scott's probation.

Mr. Scott takes the position that the Circuit Court intended for his sentences in Case No. 60652C and Case No. 61488C to run concurrently based on a statement made by the judge during his sentencing hearing. When asked about the commencement of the sentences, the judge stated, "that's right, October 15, 1990 is the start date of all these sentences." ECF 31-1 at 60. Mr. Scott argues that the judge's statement created an ambiguity and Maryland law requires any ambiguity in a sentence to be resolved in the defendant's favor, citing *Robinson v. Lee*, 317 Md. 371 (1989). In ruling on Mr. Scott's motion to correct illegal sentence on June 12, 2014, the Circuit Court for Montgomery County examined the record, including the transcript and all the statements made by the judge during Mr. Scott's sentencing.[5] The Circuit Court cited to other statements in the record made by the trial judge that "clearly demonstrate[d]" the judge intended for the sentences in Case No. 60652C and Case No. 61488C to run consecutively. ECF 31-1 at 60-61. The Circuit Court distinguished *Robinson v. Lee* and cited to *Bellam v. State*, 233 Md. 368 (1964), which held that sentences are to run consecutive if the court's intention is clear.

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. 2254(a).  Because Mr. Scott's claim rests solely upon an interpretation of Maryland law, it is not cognizable on

---

[5] The Circuit Court ruled on Mr. Scott's application for post-conviction review and motion to correct illegal sentence on the same day. The record provided to the court includes the opinion from Circuit Court on the motion to correct illegal sentence, which indicates that the substance of the legal argument was identical to Mr. Scott's post-conviction application. ECF 31-1 at 58.

federal habeas review. See *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). See also, *Neal v. Maryland*, No. CV GJH-21-1025, 2021 WL 3129607, at *2 (D. Md. July 22, 2021) (whether Maryland state sentences should run concurrently or consecutively concerns solely the application of state law); *Pearson v. Shearin*, No. CIV.A. CCB-10-3345, 2011 WL 6299029, at *7 (D. Md. Dec. 15, 2011) (It is not the role of a federal habeas court to second guess state court rulings based on Maryland law related to ambiguity in imposing consecutive sentences); *Johnson v. Stevenson*, No. CIV.A. 5:13-01714-TM, 2014 WL 3749331, at *12 (D.S.C. July 29, 2014) ("The terms of the sentence imposed by the plea court do not contradict and are not an unreasonable application of federal law as determined by the Supreme Court of the United States.").

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Buck v. Davis*, 137 S. Ct. 759, 772–73 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (internal citation and quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further." *Miller-El Small v. Cockrell*, 537 U.S. 322, 327 (2003). Because this court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability will be denied. *See* § 2253(c)(2). Mr. Scott may nonetheless request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

**CONCLUSION**

For the foregoing reasons, the Petition will be dismissed.  The Court declines to issue a

Certificate of Appealability.  A separate Order shall issue.


  2/2/22                                              /S/
Date                                    Catherine C. Blake
                                        United States District Judge

9